IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| JACKIE VICTOR ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.: 2:16-cv-00541 |
| ) | |
| ERIC D. WILSON, Warden ) | |
| ) | |
| Respondent. ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Jackie Victor Adams' ("Adams") Petition for a Writ of Habeas Corpus ("Petition") filed pursuant to 28 U.S.C. § 2241, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 11. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 11, be **GRANTED,** and Adams' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### I. FACTUAL AND PROCEDURAL BACKROUND

On January 24, 2007, Adams was indicted in the United States District Court for the Eastern District of North Carolina for possession of a firearm and ammunition by a felon, in

violation of 18 U.S.C. §§ 922(g)(1) and 924. ECF No. 12, attach 6. On August 18, 2008, Adams pled guilty to the count charged in the indictment. *Id.*, attach. 7. In exchange for a sentencing recommendation, the plea agreement required Adams to waive his right to appeal, directly or by any post-conviction proceeding, and that his criminal history subjected him to a sentencing enhancement under 18 U.S.C. § 924(e). *Id.* This enhancement set a minimum term of imprisonment of fifteen years instead of the ten years as generally provided in 18 U.S.C. § 924(a)(2). *Id.* at 5; *compare* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years."), *with* § 924(e)(1) (explaining that with an enhancement "such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)"). On November 19, 2008, the United States District Court for the Eastern District of North Carolina sentenced Adams to serve 188 months in prison. ECF No. 12, attach. 8.

On May 11, 2009, Adams moved to set aside his sentence in the Eastern District of North Carolina, *Id.*, attach. 9, and on October 15, 2013, he filed a motion to file a supplemental complaint, where he requested resentencing under the appropriate sentencing guidelines. *Id.*, attach. 10. On July 18, 2014, the Eastern District of North Carolina converted these motions into a habeas petition pursuant to 18 U.S.C. § 2255, where he challenged his sentencing guideline enhancements as unconstitutional. *Id.*, attach. 11. The Court found that Adams had waived his right to appeal other than based upon ineffective assistance of counsel or prosecutorial misconduct, and because he presented no such argument in his petition, the court dismissed his petition. *Id.* at 2-3.

2

On January 20, 2015, Adams filed a habeas petition in this court pursuant to 18 U.S.C. § 2241, where he argued that he was "sentenced under the Armed Career Criminal Act ("ACCA") based on an enhancement for prior 'violent felonies' that was found unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015)." *Id.*, attach. 1 at 3. On February 19, 2016, the undersigned Magistrate Judge recommended that Adams' Petition be dismissed without prejudice for lack of jurisdiction because Adams' "proper path for relief is to file a § 2255 Petition in the court that sentenced him—in this case, the United States District Court for the Eastern District of North Carolina, Western Division" and "that he must first seek permission from the Fourth Circuit to file a second or successive § 2255 petition." *Id.* at 9. The report and recommendation was adopted by a final order from the United States District Judge on April 25, 2016, wherein the Court told Adams that due to the statute of limitations "he must file a § 2255 petition in the district in which he was sentenced, delineating his prayer for relief pursuant to *Johnson* before June 26, 2016, or pursuant to *Newbold* before June 30, 2016." *Id.*, attach. 2 at 2. On August 6, 2016, Adams sought leave from the Fourth Circuit to file a successive § 2255 petition, which was denied on August 17, 2016. ECF No. 12 at 5.

On September 12, 2016, Adams filed the instant Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2241, where he challenged the "legality of [his] detention" and argued that his sentence should be vacated because his "sentence [was] above the statutory maximum of a 922(g) and 924(a)(2)" and he "was sentence[d] as a [sic] armed career criminal." ECF No. 1 at 6-8. On February 13, 2017, Respondent filed a Motion to Dismiss with a *Roseboro* Notice and Brief in Support of his motion. ECF Nos. 11-12. Adams responded to the Respondent's Motion to Dismiss on March 8, 2017, ECF No. 13, to which the Respondent

3

timely responded on March 15, 2017, ECF No. 16. Consequently, the matter is now ripe for recommended disposition.

## II. ANALYSIS

Section 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody in violation of the Constitution of laws or treaties of the United States." More specifically, a § 2241 habeas petition "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11-cv-00437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 16, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)); *see also In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) ("Attacks on the execution of a sentence are properly raised in a § 2241 petition."). A prisoner must file a § 2241 habeas petition in the federal district where he is in custody. *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2006); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

Here, Adams has raised the same claims as he did in his first § 2241 petition, which the District Judge, in her final order, found should have been brought in the sentencing district under § 2255. ECF No. 12, attach. 2. The District Judge adopted the reasoning in the report and recommendation, ECF No. 12, attach. 1 at 4-7, that concluded that Adams had failed demonstrate that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention, and thus relief was not available to him under § 2241. ECF No. 12, attach. 2. Since Adams had previously filed a habeas petition under § 2255, Adams was directed to seek leave from the Fourth Circuit to file a second or successive § 2255 claim. *Id.* The District Judge specifically advised Adams that he needed to seek leave from the Fourth Circuit no later than

June 30, 2016, when the statute of limitations for filing a petition would expire. *Id.*, attach. 2 at 2. Nonetheless, Adams did not file in the Fourth Circuit until August 6, 2016, so his request was denied, nor did he file a § 2255 petition in the sentencing court. ECF No. 12 at 5. Although Adams had been previously instructed his claim could not be considered under § 2241, he still filed a second § 2241 petition. Adams should have sought relief under § 2255 and this Court cannot re-characterize his Petition. *See Turner*, 2015 WL 6693079, at *5; *Parker v. Andrews*, No. 5:14-HC-2149-D, 2015 WL 6759499, at *1 (E.D.N.C. Sept. 28, 2015) *report and recommendation adopted*, No. 5:14-HC-2149-D, 2015 WL 6816727 (E.D.N.C. Nov. 5, 2015) ("[T]he court cannot convert Parker's § 2241 petition into a § 2255 motion because he has previously collaterally attacked his conviction and has not received permission from the Fourth Circuit Court of Appeals to bring a successive habeas challenge.").

Ordinarily, a petitioner cannot file a second or successive habeas petition challenging the same conviction or sentence. *See* 28 U.S.C. § 2255(h); *see generally Sanders v. United States*, 373 U.S. 1 (1963) (discussing and defining second or successive petitions). However, a petitioner can file a second § 2255 petition if he receives proper certification from the Circuit Court of Appeals in the District that sentenced him:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Since the Fourth Circuit denied Adams' request for leave of court to file a second or successive petition, ECF No. 12 at 5, the Court must again dismiss Adams' § 2241 Petition. Generally this Court dismisses a petitioner's claim without prejudice so that the

petitioner can seek leave from the Fourth Circuit. *Gregory v. Wilson*, No. 1:14CV1693, 2015 WL 7571819, at *4 (E.D. Va. Nov. 23, 2015) ("Because no such certification has been granted, this petition must be dismissed, without prejudice to petitioner's ability to apply for § 2244 certification to the Fourth Circuit Court of Appeals."). However, Adams has already sought certification from the Fourth Circuit and been denied for his untimely request. Therefore, dismissing without prejudice would be futile, and Adams' petition should be dismissed with prejudice.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 11, be **GRANTED**, and Adams' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Adams is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
June 26, 2017