

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JACKIE VICTOR ADAMS,

    Petitioner,

v.

ERIC D. WILSON, Warden,

    Respondent.

Civil Action No. 2:16-cv-00541

## ORDER

Before the Court is Petitioner Jackie Victor Adams' Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1), and Respondent Eric D. Wilson's Motion to Dismiss (ECF No. 11). This Court referred the matter to a United States Magistrate Judge for a Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

## BACKGROUND

Mr. Adams has previously filed two other petitions for habeas corpus. The first was filed on May 11, 2009 in the United States District Court for the Eastern District of North Carolina, the federal district in which he was sentenced. The petition was filed pursuant to 28 U.S.C. § 2255, and asked the Eastern District of North Carolina to resentence him under the appropriate sentencing guidelines. The petition was dismissed after the Eastern District of North Carolina determined that Mr. Adams had waived his right to appeal any aspect of his conviction or sentence except upon grounds of ineffective assistance of counsel or prosecutorial misconduct,

and that Mr. Adams had failed to present such claims. *United States v. Adams*, No. 5:07cr26, slip op. at 3 (E.D.N.C. July 18, 2014).

The second was filed in this Court on January 20, 2015 and presented claims for relief pursuant to 28 U.S.C. § 2241. The petition argued that Mr. Adams' sentence—which was enhanced in part because of provisions in the Armed Career Criminal Act—was unconstitutional. Mr. Adams' claims were premised upon *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *United States v. Newbold*, 791 F.3d 455 (4th Cir. June 30, 2015). ECF No. 12 at 1–2. On April 25, 2016, the Court adopted the Magistrate Judge's report and recommendation recommending dismissal without prejudice for lack of jurisdiction because Mr. Adams' proper path for relief would have been to file a § 2255 petition in his sentencing court. *See Adams v. Clarke*, No. 2:15cv235, slip op. at 2 (E.D. Va. Feb. 19, 2016).

In addition, the Court informed Mr. Adams that because of the statute of limitations, "he must file a § 2255 petition in the district in which he was sentenced, delineating his prayer for relief pursuant to *Johnson* before June 26, 2016, or pursuant to *Newbold* before June 30, 2016." *Id.* at 2. The Court also advised him that any § 2255 petition may be deemed successive and would require prior authorization from the United States Court of Appeals for the Fourth Circuit.

On June 20, 2016,[1] Petitioner filed a motion for authorization to file a second or successive 28 U.S.C. § 2255 petition. The motion was filed in the Fourth Circuit on June 24, 2016 and denied on June 27, 2016. *In re Jackie Victor Adams*, No. 16-9565, slip op. at 1 (4th Cir. June 27, 2016). On July 28, 2016, Petitioner again filed a motion for authorization to file a

---

[1] Based on the prisoner mailbox rule, it appears that Mr. Adams filed his motion in Case No. 16-9565 on June 20, 2016 and his motion in Case No. 16-3015 on July 28, 2016. *In re Jackie Victor Adams*, No. 16-9565, ECF No. 3 (4th Cir. 2016); *In re Jackie Victor Adams*, No. 16-3015, ECF No. 2 (4th Cir. 2016); *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule, under which a prisoner's petition is, for statute of limitations purposes, "filed at the time petitioner delivered it to the prison authorities for forwarding . . . .").

second or successive 28 U.S.C. § 2255 petition. This motion was filed in the Fourth Circuit on August 2, 2016 and denied on August 17, 2016. *In re Jackie Victor Adams*, No. 16-3015, slip op. at 1 (4th Cir. August 17, 2016).

Mr. Adams then filed the instant Petition, which was received in this Court on September 12, 2016. The Petition again challenges the legality of Mr. Adams' detention under 28 U.S.C. § 2241 and argues that his sentence should be vacated because it was "above the statutory maximum of a 922(g) and 924(a)(2)" and he "was sentence[d] as [an] armed career criminal." ECF No. 1 at 6–8. On February 13, 2017, Respondent filed a Motion to Dismiss. ECF No. 11.

## LEGAL STANDARD

28 U.S.C. § 2241 authorizes the federal court to issue a writ of habeas corpus to state and federal prisoners who are "in custody of violation of the Constitution or laws or treaties of the United States." A § 2241 habeas petition typically "challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention, and prison conditions." *Gonzalez-Martinez v. Drew*, No. 8:11cv437, 2011 WL 6982247, at *4 n.1 (D.S.C. Dec. 6, 2011) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). A prisoner must file a § 2241 habeas petition in the federal district in which he or she is in custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2006).

"The savings clause of § 2255 allows a prisoner to pursue traditional habeas relief by petition under § 2241 when it appears that the remedy allowed by § 2255 is inadequate or ineffective to test the legality of the prisoner's detention." *Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011). A § 2255 motion is inadequate or ineffective when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the

3

conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *Id.*

"When a § 2241 motion filed by a federal prisoner seeks to attack a conviction or sentence . . . and does not satisfy the savings clause" of § 2255, the district court "lacks jurisdiction" over the § 2241 motion "and is required to dismiss it." *Galloway v. United States*, No. 2:16cv348, 2016 WL 8943463, at *2 (E.D. Va. Oct. 4, 2016). Furthermore, the Fourth Circuit has not extended the Savings Clause to petitioners only challenging their sentence. *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

## ANALYSIS

The Report and Recommendation filed on June 26, 2017 recommends denying Mr. Adams's § 2241 Motion and granting Mr. Wilson's Motion to Dismiss. ECF No. 18. In relevant part, the Report and Recommendation concludes that the instant Petition raises the same claims as those in Mr. Adams' previous § 2241 petition. This Court previously determined that Mr. Adams had not demonstrated that the remedy afforded by 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his detention and, accordingly, relief was unavailable to him under § 2241. The Court concluded that any claim for relief pursuant to *Johnson* should be brought in the sentencing district as a § 2255 petition before June 26, 2016, and any claim pursuant to *Newbold* should be brought before June 30, 2016. *See Adams v. Clarke*, No. 2:15cv235, slip op. at 2 (E.D. Va. Apr. 25, 2016). The Magistrate Judge found that Mr. Adams had not filed any such claims. Furthermore, although Mr. Adams was instructed previously by this Court that his claim could not be considered under § 2241, he nonetheless filed the instant

4

Petition pursuant to § 2241. The Magistrate Judge concluded that because Court cannot recharacterize the instant Petition for Mr. Adams,[2] and because the Fourth Circuit has now denied Mr. Adams' request to file a second or successive petition, the Court should again dismiss Mr. Adams' Petition, this time with prejudice.

Mr. Adams timely filed an objection to the Magistrate Judge's Report and Recommendation, arguing that he had sought relief pursuant to Newbold with a motion "filed June 27, 2016" and that, accordingly, the statute of limitations on his petition had not expired at the time of its filing. ECF No. 19. However, the filing to which Mr. Adams refers is his motion received by the Fourth Circuit on June 24, 2016 (and denied on June 27, 2016) for authorization to file a second or successive 28 U.S.C. § 2255 motion, rather than any § 2255 petition filed in his sentencing district.[3] See ECF No. 19 at 4–5.

Even assuming *arguendo* that Mr. Adams' petition was timely filed, the Court still cannot consider Mr. Adams' successive petition without certification from the Fourth Circuit, which Mr. Adams has failed to obtain. *See Parker v. Andrews*, No. 5:14-HC-2149-D, 2015 WL 6759499, at *1 (E.D.N.C. Sept. 28, 2015) ("[T]he court cannot convert [petitioner's] § 2241 petition into a § 2255 motion because he has previously collaterally attacked his conviction and has not received permission form the Fourth Circuit Court of Appeals to bring a successive habeas challenge."). Mr. Adams has raised the same claims presented in his first § 2241 petition, which this Court found should have been brought in the sentencing district under § 2255. Because the Court lacks the power to convert Mr. Adams' petition into a § 2255 petition, and because Mr. Adams has

---

[2] *See Turner v. Wilson*, 2015 WL 6693079, at *5 (E.D. Va. Oct. 28, 2015).
[3] It does not appear that the Report and Recommendation or the Motion to Dismiss accounted for Mr. Adams' June 2017 motion for authorization to file a successive petition, which was denied by the Fourth Circuit on June 27, 2016. However, for the reasons set forth in this Order, the instant Petition nonetheless must still be denied.

failed to obtain authorization from the Fourth Circuit to file a successive petition, the Court must again dismiss Mr. Adams' § 2241 Petition.

## CONCLUSION

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, **ADOPTS** and **APPROVES** the findings and recommendations set forth in the June 26, 2017 Report and Recommendation to the extent outlined in the body of this Order. Accordingly, Respondent's Motion to Dismiss (ECF No. 11) is **GRANTED** and Mr. Adams' Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

As Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003).

Petitioner is **ADVISED** that if he intends to appeal this Order and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, he must forward a Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within thirty days from the date of this Order.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner and to Respondent's counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

July 30, 2017
Norfolk, Virginia